### IN THE DISTRICT COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNA COMMANDAROS,<br>    Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY,<br>    Defendant | Civil Action No.   2:21-cv-1283<br><br>ELECTRONICALLY FILED |

### COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff by her attorney, Lawrence R. Chaban, Esquire, and as a cause of action against the Defendant complains and alleges as follows:

1. The Plaintiff, Joanna Commandaros, is an adult individual and currently resides at 5720 Friendship Ave., Pittsburgh, Allegheny County, Pennsylvania.

2. The Defendant, Metropolitan Life Insurance Company ("MetLife'), is an insurance company that conducts extensive business in the Commonwealth of Pennsylvania by the soliciting for sale and sale of disability insurance policies to employers and individuals.

3. This action is authorized and instituted pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974 (as amended), 29 U.S.C. § 1001 et seq., including ERISA § 502, 29 U.S.C. § 1132, to recover benefits due and to enforce rights under the terms of a long-term disability plan.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331 and 1337.  The right to file in United States District Court is also appropriate pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is granted this Honorable Court by virtue of 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

6. At all time material hereto, the Plaintiff was an employee of the University of Pittsburgh as a college lecturer during which time she was covered by an employer funded Long Term Disability Plan, ID No. 9999, provide through the Defendant.

7. The Plaintiff became disabled August 27, 2018 as a result of post-traumatic stress disorder, anxiety, major depressive disorder and post-traumatic left peripheral vestibulopathy with visual vertigo and filed an application with the Defendant for long term disability (LTD) benefits on or about June 7, 2019.

8. By letter dated August 29, 2019, the Defendant advised the Plaintiff that a on review of her claim she was not eligible for benefits under the terms of the policy as it determined that she did not suffer a psychiatric or physical impairment as of August 27, 2018 or any time thereafter which would prevent her from working.

9. In making this decision, the Defendant only considered the diagnoses of PTSD, anxiety and MDD without consideration of the post-traumatic left peripheral vestibulopathy with visual vertigo.

10. The Plaintiff requested an extension of time to file an appeal, which the Defendant granted, and the appeal of this decision was filed on or about May 26, 2020 with a further extension to submit additional records in support of the claim.

11. All of the documentation in support of the appeal was submitted by July 14, 2020 and included the September 4, 2019 neuropsychological report of testing by P. Christopher Coburn, Ph.D., the records of the treating ENT specialist, Joseph Furman, M.D., the records of Deepinder Dhaliwal, M.D., an ophthamologist treating the Plaintiff for

vision issue related to her vestibular condition, Angu Arora, M.D., the Plaintiff's primary care physician, Barbara Weiner, MA, LPC, her treating therapist, and Koushik Mukherjee, M.D., the treating psychiatrist for the Plaintiff.

12. By letter of August 12, 2020, the Defendant provided a report from Jeremy Hertza, Psy.D., a neuropsychologist who performed a paper review, and opined that the Plaintiff still did not produce sufficient medical evidence to support any disability as alleged, and allowing the Plaintiff the opportunity to provide a rebuttal to Dr. Hertza.

13. The report of Dr. Hertza, who is not a physician, commented on the physical aspects of the claim of the Plaintiff, in addition to being an inappropriate review of the psychiatric condition of the Plaintiff without an appropriate evaluation of that condition by an in-person evaluation as performed by the treating providers of the Plaintiff.

14. The Plaintiff then submitted reports from Dr. Furman and Ms. Weiner further documenting the disability of the Plaintiff from both a physical and psychological basis by letter of October 6, 2020.

15. The Defendant the obtained an updated report from Dr. Hertza who did not modify his opinion regarding the disability which was provided the Plaintiff on October 27, 2020.

16. The Plaintiff responded to the October 27, 2020 letter of the Defendant by letter of November 3, 2020 drawing attention to the fact that Dr. Hertza could not comment on the opinion of Dr. Furman as Dr. Hertza was not qualified to do so and again pointing out the structural and procedural defects in the decision by relying solely on a paper review of the records when a significant psychiatric condition was at issue.

17. Despite being provided ample proof that it acted in an arbitrary, capricious and illegal manner under ERISA the Defendant upheld its original denial of the Plaintiff's benefits by letter dated November 24, 2020.

18. The Plaintiff has exhausted all of the Defendant's appeal procedures and her administrative remedies.

19. Based on the terms of the LTD policy, the Plaintiff would be entitled to benefits on a monthly basis commencing August 27, 2018 at the rate of $2,404.80 per month.

20. The Plaintiff alleges Defendant wrongfully denied her benefits in an arbitrary and capricious manner pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

21. The Plaintiff, brings this action to recover benefits due to her under the terms of the Plan.

22. By virtue of the various promises made by the Defendant in its Plan, the Defendant has improperly denied the LTD benefits of the Plaintiff as there is more than ample evidence the Plaintiff is disabled under the terms of the Plan and that it has acted in an arbitrary and capricious manner in rejecting the evidence of the Plaintiff's continuing disability.

WHEREFORE, the Plaintiff demands for judgment against the Defendant as follows:

a. For the recovery of benefits due under the terms of the plan;
b. For the enforcement of Plaintiff's long-term disability rights;
c. For prejudgment interest on sums currently due;
d. For the costs and disbursements incurred in bringing this action;
e. For reasonable attorney's fees; and
f. For further relief as the court deems just and proper.

Respectfully submitted,

/s/ Lawrence R. Chaban
**LAWRENCE R. CHABAN, ESQUIRE**
On behalf of the Plaintiff, Joanna Commandaros
PA I.D. No. 32506
310 Grant Street
2727 Grant Building
Pittsburgh, PA 15219
(412) 765-1888